UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY THREATT,

        Plaintiff,                    Case No. 1:13-cv-421

v.                                             Honorable Robert J. Jonker

R. DAVENPORT et al.,

        Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

        Plaintiff Anthony Threatt, a prisoner incarcerated at Michigan Reformatory, filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order, and if Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

        The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's

request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing

*Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan, having filed more than a dozen civil actions. More than three of Plaintiff's lawsuits have been dismissed by the Court because they were frivolous or failed to state a claim. *See Threatt v. Ramsey et al.*, No. 2:09-cv-248 (W.D. Mich. Jan. 6, 2010); *Threatt v. Sec. Classification Comm.*, No. 1:07-cv-12817 (E.D. Mich. July 18, 2007); *Threatt v. Birkett et al.*, No. 2:07-cv-11592 (E.D. Mich. Apr. 16, 2007); *Threatt v. Fowley et al.*, No. 1:91-cv-33 (W.D. Mich. Mar. 4, 1991); *Threatt-El v. Kitchen et al.*, No. 2:91-cv-70336 (E.D. Mich. Feb. 28, 1991). Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. In addition, the Court has denied Plaintiff leave to proceed *in forma pauperis* in several other lawsuits under the three-strikes rule. *See, e.g., Threatt v. Thomas et al.*, No. 2:12-cv-277 (W.D. Mich. Aug. 13, 2012); *Threatt v. Rose et al.*, No. 2:12-cv-274 (W.D. Mich. Aug. 2, 2012); *Threatt v. Perry et al.*, No. 2:12-cv-278 (W.D. Mich. July 19, 2012); *Threatt v. Mich. Dep't of Corr. Parole Bd. et al.*, No. 2:12-cv-335 (W.D. Mich. Dec. 13, 2010).

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege facts establishing that he is under imminent danger of serious physical injury. In his complaint, Plaintiff repeatedly attempts to invoke the exception to the three-strikes provision by asserting that he is in imminent danger. For example, Plaintiff alleges that he in imminent danger of serious physical injury because he is surrounded by violent prisoners and "gangbangers." (Compl., docket #1, Page ID#5.) He further claims that he should be permitted to

proceed under the exception because he is not being provided with proper medical treatment for his mental illness condition, including Post Traumatic Stress Disorder (PTSD) that he developed while incarcerated at another Michigan Department of Corrections (MDOC) facility. Plaintiff alleges that Defendants (verbatim):

> . . . [A]cted with deliberate indifference toward my heath and safety and mental condition, which put me under imminent danger because keeping me locked up inside a single man cell 23-24 hours a day and around people and things that remind him of the trauma events that occurred to me up north while I inside of segregation is only stressing me out more keeping my blood pressure up sky high at risk for a heart attack or stroke, stressing and depressing me to harm myself so this put me up under imminent danger with my mental health condition.

(Compl., docket #1, Page ID#9-10.) In addition, Plaintiff contends that he is in imminent danger because Defendants have failed to properly treat his sinuses, which bleed due to the dry heat on the fourth floor where he is being housed. He also asserts imminent danger because he has not received proper medical treatment for a fungal infection under his toe nail and because he is required to wear state-issue shoes that cause sores and blisters on his feet.

Congress did not define "imminent danger" in the PLRA, but the Sixth Circuit has recognized the standard previously adopted by other circuit courts:

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See, e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id.* Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible')." *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011) (imminent danger must be contemporaneous with the complaint's filing).

Plaintiff's claim that he is in imminent danger as a result of being incarcerated with violent offenders and gang bangers is far too speculative to establish that he is in real and proximate danger of serious physical injury. *See Swenson v. Pramstaller*, 169 F. App'x 449, 450 (6th Cir. 2006) (prisoner's claim that his propensity to sleepwalk placed him under imminent danger of serious physical injury from a cellmate or the "prison population as a whole" was speculative). Likewise, Plaintiff's vague and conclusory allegations of future harm from inadequate treatment for his mental illness and PTSD are insufficient to trigger the imminent danger exception. *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir.1998) (vague and conclusory assertions regarding withheld medical treatment are insufficient to satisfy the imminent danger standard). The Court also is unable to find imminent danger based upon Plaintiff's vague allegation that he will harm himself. *See Cooper v. Bush*, 2006 WL 2054090 (M.D. Fla. 2006) (holding that plaintiff's allegations that he will commit suicide are insufficient to show imminent danger). Finally, Plaintiff's claims concerning his sinuses, fungal infection under his toe nail and ill-fitted shoes do not rise to the level of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00. When Plaintiff pays his filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff

fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.


Dated:      April 30, 2013            /s/ Robert J. Jonker
                                                     ROBERT J. JONKER
                                                     UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**